UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

                                     CASE NO.  2:07-CV-15438
                                     JUDGE MARIANNE O. BATTANI
                                     MAGISTRATE JUDGE PAUL J. KOMIVES

v.

OCIE L. CARLISLE,

    Defendant

v.

MICHIGAN DEPARTMENT OF TREASURY,

    Garnishee.
_____/

**REPORT AND RECOMMENDATION[1] REGARDING DEFENDANT'S MOTION TO SET ASIDE CLERKS ENTRY OF JUDGMENT (Doc. Ent. 13)**

**I.     RECOMMENDATION:** The Court should deny defendant's motion to set aside clerk's entry of judgment. Doc. Ent. 16.

**II.    REPORT:**

**A.    Background**

    On or about January 27, 1987, Ocie Carlisle completed a First Bank (N.A.) "Guaranteed

---

[1] Judge Battani referred this matter to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Doc. Ent. 16. However, I conclude that my authority on a Fed. R. Civ. P. 56(c) motion is limited to entry of a report and recommendation. *Sims v. EGA Products, Inc.*, No. 2:02-CV-187PS, 2004 WL 5550489 (Oct. 5, 2004) ("a denial of a Rule 55(c) motion is plainly 'dispositive of a claim.'"). Furthermore, this is a post-judgment matter. *See Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993) ("the magistrate judge in the instant case did not have the authority to rule upon post-dismissal motions for sanctions, fees and costs as requested by the district court.").

Student Loan Application and Promissory Note" for $2,500.00.  The educational institution section was completed on January 30, 1987 by Adrienne Schwarzbach, Director of Financial Aid, at Chauffeur's Training School, Inc., 19669 John R Street in Detroit, Michigan.  Richard H. Johnston, Vice-President, of First Bank (N.A.) approved the $2,500 loan.  Doc. Ent. 1 at 4.

As of July 27, 1999, Carlisle was apparently in debt to the United States Department of Education for $2,829.41, of which $1,546.63 is principal and $1,282.78 is interest.  Doc. Ent. 1 at 3.

**B.**     **The Complaint**

The government filed its complaint on December 20, 2007.  Allegedly, Carlisle owes the United States of America a total of $3,868.41, comprised of $1,546.63 in principal and $2,321.78 in current capitalized interest balance and accrued interest.  Doc. Ent. 1 at 1 ¶ 3.  The United States of America seeks entry of judgment (A) "[f]or the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;" (B) "[f]or attorneys' fees to the extent allowed by law;" and (C) "[f]or such other relief which the Court deems proper."  Doc. Ent. 1 at 2.

The summons was issued on December 21, 2007.  Doc. Ent. 2.  It requires defendant to "[s]erve upon the plaintiff's attorney . . . an answer to the complaint within twenty (20) days after receiving this summons, or take other actions that are permitted by the Federal Rules of Civil Procedure."  It also requires defendant to "[f]ile with the court any answer that you serve on the parties to this action within the time limits specified."  Furthermore, it warns that "[f]ailure to answer or take other actions permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the

complaint." Defendant was personally served with the summons and complaint on Sunday, December 30, 2007 at 9306 Rutherford, Detroit, MI 48228. Doc. Ent. 3 at 1. No answer was filed.

On February 5, 2008, the government filed a Request and Affidavit for Clerk's Entry of Default (Doc. Ent. 4) and a Request for Clerk's Entry of Judgment by Default (Doc. Ent. 5). That day, the Clerk of the Court filed a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) on the basis that defendant had "failed to plead or otherwise defend after being properly served with a summons and a copy of the complaint." Doc. Ent. 6. The Clerk also entered judgment by default pursuant to Fed. R. Civ. P. 55(b)(1) in the amount of $4,234.64, comprised of $1,546.63 in principal, $2,338.01 in prejudgment interest and costs of $350.00. Doc. Ent. 7. Carlisle was served with a copy of the Clerk's Entry of Default and Clerk's Entry of Judgment by Default on February 21, 2008. Doc. Ent. 8.

On December 9, 2008, the government filed an application for writ of continuing garnishment. Doc. Ent. 9 at 1-2. According to the application, the total balance due as of December 5, 2008 was $4,306.59, of which costs were $350.00. Doc. Ent. 9 at 1. On the same day, the Clerk of the Court entered a writ of continuing garnishment to garnishee Michigan Department of Treasury (Doc. Ent. 11 at 1-3) and a Clerk's Notice of Garnishment (Doc. Ent. 11 at 4-6). On December 17, 2006, a writ of garnishment was served upon the Michigan Department of Treasury via certified mail. Doc. Ent. 10 at 1. That same day, the application for writ, the Clerk's notice of garnishment, the request for hearing forms, and the claim for exemptions were served upon Carlisle. Doc. Ent. 10 at 2.

**C.     Defendant's Motion to Set Aside the Default Judgment**

On or about January 13, 2009 - approximately one year after he was served with the

lawsuit and approximately thirteen (13) months after the Clerk's Entry of Default and Entry of

Judgment - defendant filed the following letter:

> On Jan. 27, 1987, I, Ocie Carlisle, applied for a loan from Chauffeur's Training School in the amount of two thousand and five hundred dollars. During which time, I was informed that I did not qualify for this loan and no check was ever received by me from the school. I, Ocie Carlisle, did not cash a check or other monetary document to receive this money for schooling. I have the belief that my name and identity was used fraudulently by someone who was affiliated with the above school. This debt (First Bank N.A./Great Lakes Higher Education Corporation) is not valid and I do not owe any money for this account. I would like this to be cleared from my credit report (all three major credit bureaus) and the signed documents sent to my above address stating such. I am a disabled man who is unemployed at this time. I am receiving Supplemental Security income. If this debt cannot be validated, I request that any negative records or judgments be immediately removed from my credit report.

Doc. Ent. 12.

On or about March 27, 2009, defendant filed what is he labels a motion to set aside the

judgment by default. Doc. Ent. 13. In its entirety, Carlisle states:

> I, Ocie L. Carlisle, w[ould] like to declare a 'Motion to set aside judgment' for the above case, 07-15438. I w[ould] like to put on [the] record that I did not receive proper documentation regarding the premise that I owe money in this case. I declare that I do not owe money in this case. I did not borrow money from this department for schooling. When I put the application in for the loan, the school told me that I was denied and I paid for the schooling out-of-pocket. I w[ould] like a court date to solve this matter to put on record that my name is cleared of this debt.

Doc. Ent. 13.[2]

On April 13, 2009, I entered an order setting the response deadline for June 3, 2009.

---

[2] Judge Battani originally referred defendant's motion to set aside judgment to Magistrate Judge Pepe for determination. Doc. Ent. 14. However, the case has since been reassigned from Magistrate Judge Pepe to me. Judge Battani has rescinded her order of reference to Magistrate Judge Pepe and has referred the motion to me for determination. Doc. Entries 15 and 16.

Doc. Ent. 17.³  On June 3, 2009, the government filed a response to defendant's request for motion to set aside judgment.  Doc. Ent. 19.  According to plaintiff,

> Defendant defaulted on the loan, and the balance of the promissory note was accelerated.  The holder of the promissory note filed a claim with the Guarantor.  The Guarantor paid the claim, and was subsequently reimbursed thereon by the U.S. Department of Education.  When the Guarantor was unable to collect on the debt, it assigned its right and title to the loan to the Department of Education.

Doc. Ent. 19 at 1.  The government "requests that this Court deny Defendant's Motion to Set Aside Judgment and/or require that Defendant provide Plaintiff with documentary evidence supporting his claimed disability."  Doc. Ent. 19 at 4.  Plaintiff served defendant with a copy of the response and a "Total & Permanent Disability Application."  Doc. Ent. 20.

On June 11, 2009, I entered an order setting the reply to response deadline for July 15, 2009.  Doc. Ent. 21.  To date, Carlisle has not filed a reply.

**D.     The Court Should Deny Carlisle's Rule 56(c) Motion.**

**1.**     "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Fed. R. Civ. P. 60(b), which governs grounds for relief from a final judgment, order or proceeding, provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

³Mail (an April 9, 2009 docket sheet) sent to defendant on April 10, 2009 at 9306 Carlisle in Detroit, MI was returned to the Court as undeliverable.  Doc. Ent. 18.  On May 13, 2009, a scheduling order was resent to Carlisle at a corrected address.

>	(4) the judgment is void;
>
>	(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>	(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A Rule 60(b) motion cannot be used as a substitute for an appeal and, thus, does not bring up for review the underlying judgment." *Franklin*, 1992 WL 276784, *2 (citing *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7 (1978)).

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  The default judgment in this case was entered on February 5, 2008, more than one year ago.  Therefore, if Carlisle is to succeed on his Rule 60(b) motion, it must be under reason (4), (5) or (6).

Of these, it seems most likely that defendant's motion would be brought under subsection (6).  The standard of review for a Rule 60(b)(1) or 60(b)(6) motion is an abuse of discretion. *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006) (*pro se* plaintiff).  *But see Franklin v. United States*, No. 92-3319, 1992 WL 276784, *2 (6th Cir. Oct. 7, 1992) ("Other than cases involving exceptional or extraordinary circumstances that may justify relief from a judgment under Rule 60(b)(6), an abuse of discretion standard applies to a decision rendered under any other subsection within Rule 60(b).").

**2.**	Assuming defendant's motion is brought under Fed. R. Civ. P. 60(b)(6), "[p]arties seeking relief under Rule 60(b)(6) . . . must file their motion within a 'reasonable' time, which ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances

compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). "Rule 60(b)(6) has no 'prospective application' requirement and allows relief for 'any other reason justifying relief from the operation of the judgment'" *Mayhew v. Intern. Marketing Group*, 6 Fed.Appx. 277, 279 (6th Cir. 2001) (citing Fed. R. Civ. P. 60(b)(6) and *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir.2000) (holding a pro se complaint to "an especially liberal standard")).

The Sixth Circuit has provided that "1. [w]hether the plaintiff will be prejudiced; 2. [w]hether the defendant has a meritorious defense; and 3. [w]hether culpable conduct of the defendant led to the default[,]" are factors that should be applied in a Rule 55(c) or Rule 60(b) motion. *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). It is the government's position that "all three of these factors weigh against the Defendant." Doc. Ent. 19 at 2. I agree.

First, plaintiff has obtained a default judgment and, if it is set aside, plaintiff will be prejudiced by having to wait to be repaid. *See United States of America v. Rouse*, No. 97-cv-75610, 2009 WL 1259964 (E.D. Mich. Apr. 30, 2009) (Borman, J.) ("If the Court sets aside the default judgment, then Plaintiff will be prejudiced by having to wait even longer to be repaid for the amounts it guaranteed roughly twenty years ago.").

Second, Carlisle's defense is apparently that, even if he was approved for the $2,500 loan, he did not borrow the money. According to Carlisle, he was informed that this request was denied and he paid out-of-pocket for his schooling. Doc. Ent. 13. Even if Carlisle is not in possession of documentation to substantiate his belief that his name and identity were fraudulently used, he does not provide the Court with evidence - such as a receipt or school

7

account statement - to support his position that he paid the tuition out of pocket. *See United States of America v. Rouse*, No. 97-cv-75610, 2009 WL 1259964 (E.D. Mich. Apr. 30, 2009) (Borman, J.) ("Defendant has not provided the Court with any evidence whatsoever corroborating his theory that someone forged his signature on the Note and then used his grandmother's address to collect the funds."). In fact, the only documents Carlisle has filed in this whole matter are his two letters (filed January 13, 2009 and March 27, 2009), neither of which are notarized.

Finally, there is no indication that culpable conduct by the government led to Carlisle's default. The government argues that "it is the third factor–whether or not the culpable conduct of the Defendant led to the entry of the default–that is the most important." Doc. Ent. 19 at 2. As plaintiff points out, the Sixth Circuit has explained:

> In practice, however, the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. ***When asked to set aside an entry of default***, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. ***But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry.*** When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992) (internal footnote omitted) (emphasis added).

8

Plaintiff also points out that "[a] party's conduct is culpable if it 'display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (quoting *Amernational Indus. v. Action-Tungsram, Inc.*, 925 F.2d 970, 978 (6th Cir. 1991).

It appears, as the government contends, that Carlisle "sat idly by after being served with a Summons and Complaint. [His] conduct cannot be characterized in any other way other than willful and careless." Doc. Ent. 19 at 3-4. Defendant did not file a reply, which might have contained an explanation.

**E.     However, Carlisle May Provide the Government with Documentary Evidence Supporting His Claimed Disability.**

In its response, the government "acknowledges that if Defendant is disabled, he may be eligible to have the debt cancelled due to total and permanent disability." Government counsel states that "[i]f Defendant will complete and return the application[4] to Plaintiff's counsel, Plaintiff will evaluate Defendant's claims and if warranted, discharge Defendant's payment obligations with respect to this student loan." Doc. Ent. 19 at 4.

The Court should understand Carlisle's position that he is not responsible for this loan. Nonetheless, defendant may truthfully fill out the aforementioned disability form if he seeks to obtain discharge on the basis of his alleged disability.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and

---

[4] Perhaps the government is referring to OMB No. 1845-0065 - the four-page U.S. Department of Education's "Discharge Application: Total and Permanent Disability". *See* http://www.ed.gov/offices/OSFAP/DCS/forms/disable.pdf.

9

Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

8/1/09  s/Paul J. Komives
DATE  PAUL J. KOMIVES
  UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 1, 2009.
>
>   s/Eddrey Butts
>   Case Manager